**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rudy Castaneda, et al., | No. CV-18-02809-PHX-ESW |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, et al., | |
| Defendants. | |

Pending before the Court is pro se Plaintiffs' Rudy and Julia Castaneda's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) and Complaint (Doc. 1). Plaintiffs have agreed to Magistrate Judge Jurisdiction (Docs. 8, 9).

## I. DISCUSSION

**A. Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2)**

The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigence. *See* 28 U.S.C.§ 1915(a). In their Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2), Plaintiffs have declared under penalty of perjury that they are unable to pay the filing fee and other costs associated with this case. Plaintiffs present financial information to support their application. Given Plaintiffs' income and absence of significant assets, Plaintiffs have met their burden of proof. The Court finds the Plaintiffs to be indigent, and their Application

(Doc. 2) will be granted.

**B. Screening In Forma Pauperis Complaint (Doc. 1)**

With respect to in forma pauperis proceedings, the Court shall dismiss such action at any time if it determines that:

(A) the allegation of poverty is untrue; or

(B) the action or appeal –
(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). *See also Lopez v. Smith*, 203 F.3d 1122, 1126 fnt. 7 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "applies to all in forma pauperis complaints"). The Court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. *Lopez*, 203 F.3d at 1127 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984). A complaint may be dismissed where it lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997).

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

**C. Plaintiffs' Complaint (Doc. 1)**

Plaintiffs allege four causes of action: (1) that the Defendants wrongfully assessed Federal taxes against Julia Castaneda; (2) that the Defendants wrongfully levied Rudy Castaneda's bank account; (3) that the Defendants violated the 5th Amendment and Rudy Castaneda's right to due process by wrongfully assessing taxes against him and wrongfully levying Rudy Castaneda's bank account; and (4) that the Defendants recklessly and intentionally collected Federal tax without authorization. Liberally construing the factual allegations of Plaintiffs' Complaint and drawing all reasonable inferences in Plaintiffs' favor, the Court finds that Plaintiffs have articulated sufficient facts to set forth claims for relief in Counts 1-IV. Plaintiffs have also set forth subject matter jurisdiction.

**D. WARNINGS**

**1. Address Changes**

Plaintiffs must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiffs must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**2. Copies**

Plaintiffs must serve Defendants, or counsel if an appearance has been entered, a copy of every document that they file. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiffs must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiffs.

**3. Possible Dismissal**

If Plaintiffs fail to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

## II. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** granting Plaintiffs' Application to Proceed in District Court without Prepaying Fees and Costs (Doc. 2).

**IT IS FURTHER ORDERED** that Defendants must answer or otherwise respond to Counts I-IV.

**IT IS FURTHER ORDERED:**

1. The Clerk of Court must send Plaintiffs a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants United States of America, Department of Treasury, and Internal Revenue Service.

2. Plaintiffs must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiffs fail to comply with this Order.

3. If Plaintiffs do not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

4. The United States Marshal must retain the Summons, a copy of the Complaint (Doc. 1), and a copy of this Order for future use.

5. The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a) personally serve copies of the Summons, Complaint (Doc. 1), and this Order upon Defendants pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

and

(b) within 10 days after personal service is effected, file the return of service for Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendants. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint (Doc. 1), or this Order and for preparing new process receipt and return forms (USM- 285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

6. **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiffs.**

7. Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

8. Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

Dated this 19th day of December, 2018.

Honorable Eileen S. Willett
United States Magistrate Judge