WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rudy Castaneda, et al., | No. CV-18-02809-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, et al., | |
| Defendant. | |

On March 15, 2019, Defendant United States of America ("United States") filed a "Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim" (Doc. 13). The Court issued an Order (Doc. 15) advising Plaintiffs of Local Rule of Civil Procedure ("LRCiv") 7.2(e)(1), which limits responses to seventeen pages, exclusive of attachments. On April 17, 2019, Plaintiffs filed a Response (Doc. 19) to the Motion to Dismiss that is twenty-five pages long, not including attachments. Plaintiffs' Response also violates LRCiv 7.1(b)(1) as it is single-spaced. Plaintiffs did not seek leave of Court to file an impermissibly long Response.

"The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002); *see also Iota Xi Chapter Of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 150 (4th Cir. 2009) ("District court acted well within its discretion in fashioning a sanction for the defendants' failure to comply with [local rule page

limitation]."); *N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997) (striking appellant's briefs and dismissing appeal for failure to comply with briefing rules, explaining that the Court's "resources are limited. In order to give fair consideration to those who call upon us for justice, we must insist that parties not clog the system by presenting us with a slubby mass of words rather than a true brief"); *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) (upholding district court's discretion to disregard briefs filed in circumvention of page limits). However, because the United States has filed its Reply (Doc. 20) and has not filed a separate motion to strike, the Court will not strike the Response. For the reasons below, the Court will grant the United States' Motion to Dismiss (Doc. 13).[1]

## I. DISCUSSION

Because federal courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the federal courts unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002). The Court is obligated to determine sua sponte whether it has subject matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (federal courts "have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party"); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Pursuant to the doctrine of sovereign immunity, "it is axiomatic that the United States may not be sued without its consent and the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Courts strictly construe waivers of sovereign immunity. *See Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 644 (9th Cir. 1998) ("[T]hat a plaintiff against the United States may receive less

---

[1] The parties have consented to the exercise of Magistrate Judge jurisdiction. (Doc. 18).

than complete relief in the federal courts should not necessarily be viewed as an inappropriate result, for such a plaintiff is accorded, by statute, more relief than historical principles of sovereign immunity would allow.").

The federal question statute, 28 U.S.C. § 1331, gives federal district courts jurisdiction over civil actions that arise under the Constitution, laws, and treaties of the United States. The Ninth Circuit has "consistently held that § 1331 does not waive the government's sovereign immunity from suit." *Gabriel v. General Services Admin.*, 547 F. App'x 829, 831 (9th Cir. 2013) (internal quotation marks and citation omitted); *see also North Side Lumber Co. v. Block*, 753 F.2d 1482, 1484 (9th Cir. 1985) ("[T]he analysis of jurisdiction cannot stop with § 1331, because the claims in this case are in essence against the federal government, and thus are barred by sovereign immunity unless the government has consented to suit.").

"Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). A "[p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d  9, 13-14 (D.D.C. 2001) (internal quotation marks and citation omitted). "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b) (1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp.*, 236 F.3d at 499; *see also Kokkonen*, 511 U.S. at 377 ("It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted).

After reviewing the parties' briefing (Docs. 13, 19, 20), the Court concludes that Plaintiffs have failed to meet their burden of establishing a waiver of the United States' sovereign immunity and have not established subject matter jurisdiction over the United States. *See Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995) (explaining that it is

a plaintiff's burden of showing a waiver of sovereign immunity).  Accordingly, the Court will grant the United States' Motion to Dismiss (Doc. 13).

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** granting the United States' Motion to Dismiss (Doc. 13).

**IT IS FURTHER ORDERED** dismissing this action without prejudice.

Dated this 10th day of May, 2019.

_____
Eileen S. Willett
United States Magistrate Judge