**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rudy Castaneda, et al., | No. CV-18-02809-PHX-ESW |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, et al., | |
| Defendants. | |

On May 10, 2019, the Court issued its Order granting Defendant's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (Doc. 13). The Court dismissed the action without prejudice as Plaintiffs failed to meet their burden of establishing a waiver of the United States' sovereign immunity and failed to establish subject matter jurisdiction over the United States (Id. at 3-4). Plaintiffs have filed a "Motion for Reconsideration of the Court's Order Dated May 10, 2019," urging the Court pursuant to Fed. R. Civ. P. 59(e) and LRCiv 7.2(g) to "reverse its previous ruling and find for the Plaintiffs." (Doc. 22 at 8).

Motions for reconsideration should be granted only in rare circumstances. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multonomah County*, 5 F.3d at 1263; s*ee also* LRCiv

7.2(g)(1) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."). Such motions should not be used for the purpose of asking a court "to rethink what the court had already thought through – rightly or wrongly." *Defenders of Wildlife v. Browner*, 909 F.Supp 1342, 1351 (D. Ariz. 1995) (internal quotation marks and citation omitted).

Plaintiffs have presented no intervening change in controlling law. Nor have Plaintiffs presented any newly discovered material evidence likely to cause a new result. The Court has not disregarded, misapplied, or failed to recognize controlling precedent. A review of the record reflects no manifest injustice in dismissing this case without prejudice for lack of subject matter jurisdiction.

For the reasons set forth herein,

**IT IS ORDERED** denying Plaintiffs' "Motion for Reconsideration of the Court's Order Dated May 10, 2019" (Doc. 22).

Dated this 28th day of May, 2019.

_____
Eileen S. Willett
United States Magistrate Judge